DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW DE FABIO,

                      Plaintiff,

-v-

QUALITYPRO PEST & WILDLIFE
SERVICES INC. and JAMES HORTON,

                      Defendants.

No. 15-CV-9483 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

On December 3, 2015, Plaintiff Matthew De Fabio ("Plaintiff") brought this Action against QualityPro Pest & Wildlife Services Inc. and James Horton, (collectively, "Defendants"), pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. and New York Labor Law. (See Compl. ¶ 1 (Dkt. No. 1).) Plaintiff alleges that Defendants failed to pay Plaintiff overtime wages and made unlawful wage deductions during the period of his employment. (Id. ¶¶ 1–3.)

On January 27, 2017, the Parties submitted a Motion for Settlement Approval (the "Motion"), along with an accompanying Settlement Agreement and Release (the "Proposed Settlement"). (See Dkt. No. 36.)[1] For the reasons to follow, the Court approves the Proposed Settlement.

Under Federal Rule of Civil Procedure 41(a)(1)(A), a plaintiff's ability to dismiss an action without a court order is "[s]ubject to . . . any applicable federal statute." "Except as

---

[1] The docket reflects two identical submissions from January 27, 2017. (See Dkt. Nos. 35–36.) The Motion and Proposed Settlement referenced in this Order is the second of the two filings. (See Dkt. No. 36.)

provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." *See* Fed. R. Civ. P. 41(a)(2). The Second Circuit has confirmed that the FLSA is an "applicable federal statute," such that "Rule 41 (a)(l)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), *cert. denied*, 136 S. Ct. 824 (2016). Consequently, "the [P]arties must satisfy the Court that their agreement is 'fair and reasonable.'" *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15-CV-112, 2015 WL 7736551, at *1 (S.D.N.Y. Nov. 30, 2015); *see also Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015) (same).

When assessing a proposed settlement for fairness, there is generally "a 'strong presumption in favor of finding a settlement fair,' as 'the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.*, No. 11-CV-529, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)); *see also Souza v. 65 St. Marks Bistro*, No. 15-CV-327, 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (same); *Martinez v. Hilton Hotels Corp.*, No. 10-CV-7688, 2013 WL 4427917, at *1 (S.D.N.Y. Aug. 20, 2013) (same).

As a number of courts have recognized, to determine whether a proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including but not limited to the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the

2

product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Penafiel*, 2015 WL 7736551, at* 1 (internal quotation marks omitted) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)); *see also Garcia v. Jambox, Inc.*, No. 14-CV-3504, 2015 WL 2359502, at *2 (S.D.N.Y. Apr. 27, 2015) (same); *Camacho v. Ess-ABagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *2 (S.D.N.Y. Dec. 11, 2014) (same). Factors that weigh against finding a settlement fair and reasonable include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA noncompliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Penafiel*, 2015 WL 7736551, at * 1 (internal quotation marks omitted) (quoting *Wolinsky*, 900 F. Supp. 2d at 336); *see also Garcia*, 2015 WL 2359502, at *2 (same); *Camacho*, 2014 WL 6985633, at *2 (same). Making this determination is thus an information-intensive undertaking, *Camacho*, 2014 WL 6985633, at *2, and "the parties must provide the [C]ourt with enough information to evaluate the bona fides of the dispute," *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187, 2015 WL 7871036, at *1 (S.D.N.Y. Dec. 3, 2015) (internal quotation marks omitted). To this end, courts require information surrounding "the nature of [the] plaintiffs' claims, the litigation and negotiation process, the employers' potential exposure . . . to [the] plaintiffs . . . , the bases of estimates of [the] plaintiffs' maximum possible recovery, the probability of [the] plaintiffs' success on the merits, and evidence supporting any requested fee award." *Id.* (alteration and internal quotation marks omitted).

Having reviewed the Proposed Settlement, the Court is satisfied that it was negotiated in good faith at arms' length and that there was no fraud or collusion. The Court is also satisfied,

3

based on the Parties' representations, that the settlement will allow the Parties to avoid the anticipated burdens of litigation and that Plaintiff faces substantial "risks of non-payment" even if the case is litigated to completion with a successful result for Plaintiff. (*See* Mot. for Settlement Approval ("Mot.") 2 (Dkt. No. 35).)

Additionally, the Court approves the Proposed Settlement's release provision. "[T]he FLSA is a uniquely protective statute," *Cheeks*, 796 F.3d at 207, and courts will not approve settlement agreements that contain overly broad release provisions that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *id.* at 206 (internal quotation marks omitted) (quoting *Lopez*, 96 F. Supp. 3d at 181); *see also Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) ("If the parties wish to obtain approval of their settlement, any release provision must be limited to the claims at issue in this action."); *Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, No. 14-CV-2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (rejecting a settlement agreement where "the parties' release language . . . include[d] 'actions and/or claims against the [d]efendants, known or unknown, which [the plaintiff] may have as of the date of this [a]greement including but not limited to any alleged violation of any federal, state or local law, regulation, rule or ordinance which relates in any way to [the] [d]efendants' payment of wages to [the] [p]laintiff during [the] [p]laintiff's employment with [the] [d]efendants'"); *Flood v. Carlson Rests. Inc.*, No. 14-CV-2740, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015) (rejecting a settlement agreement that, in effect, "waive[d] any possible claims against [the] [d]efendants—including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

4

Here, the proposed release provision provides: "In return for the payments identified in [¶] 2, Plaintiff knowingly and voluntarily releases and forever discharge[s] Defendants of and from any and all claims asserted in this [A]ction, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as of the date of execution of this Agreement." (Mot. Ex. 1 ("Proposed Settlement") ¶ 4.) Because the release relates only to "claims asserted in this [A]ction," (*id.*), the Court is satisfied that the provision is sufficiently narrow.

In response to a request from the Court for additional information regarding Plaintiff's maximum allowable recovery and the proposed attorney's fees, on April 19, 2017, counsel for Plaintiff submitted a Supplemental Declaration in support of the Motion. (*See* Suppl. Decl. Mot. for Settlement Approval ("Suppl. Decl.") ¶ 3 (Dkt. No. 37).) While Plaintiff's counsel asserts that "[i]t is difficult to ascertain with reasonable certainty what a jury would award Plaintiff in this [A]ction," (*id.* ¶ 3), the Parties provide a thorough account of the maximum and minimum recovery for Plaintiff. (*Id.* ¶¶ 3–5). Given the representations of the Parties regarding the factual disputes outstanding in the case and the likelihood of success should the case proceed to trial, the Court is satisfied that the settlement amount of $32,500 is reasonable.

Finally, with respect to the attorney's fees, the Parties have submitted adequate information to support the reasonableness of the request. Under the FLSA, a successful plaintiff, including one who settles, is entitled to attorney's fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015). In the Second Circuit, courts generally draw on the following considerations—commonly known as the "*Goldberger* factors"—when assessing the reasonableness of attorney's fees: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public

policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (alteration and internal quotation marks omitted).

When requesting attorney's fees in an FLSA case, "counsel must submit evidence providing a factual basis for the award." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). Although courts may elect to award fees by either considering the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended—or the percentage method—a percentage of the total amount recovered by the plaintiff—"[t]he trend in [the Second] Circuit is toward the percentage method." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). Even where attorney's fees are sought pursuant to the percentage of the fund method, "counsel must submit evidence providing a factual basis for the award." *Wolinsky*, 900 F. Supp. 2d at 336; *see also Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635, 2014 WL 4953746, at *2 (S.D.N.Y. Sept. 26, 2014) ("Counsel must provide a factual basis for a fee award, typically with contemporaneous time records."). A proper fee request thus includes "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Nights of Cabiria*, 96 F. Supp. 3d at 181. The Court must also determine the reasonable hourly rate by considering the "prevailing market rate for lawyers in the district in which the ruling court sits." *Anthony v. Franklin First Fin., Ltd.*, 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012).

Plaintiff's counsel seeks a fee award of one-third of the total recovery, that is, $10,648 of the $32,500 settlement amount. (*See* Suppl. Decl. ¶ 8.) Courts in the Second Circuit frequently award attorneys in FLSA settlements 33% of the total recovery in fees. *See Garcia v. Atlantico Bakery Corp.*, No. 13-CV-1904, 2016 WL 3636659, at *1 (S.D.N.Y. June 29, 2016) ("[O]ne-third of the total award is the customary contingency percentage in FLSA cases."); *see also*

6

*Ocasio v. Big Apple Sanitation, Inc.*, No. 13-CV-4758, 2016 WL 5376241, at *2 (E.D.N.Y. Mar. 16, 2016) (noting that the fee sought was "less than the typical contingency fee percentage of 33 1/3%"), *adopted by* 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016). The Court agrees that 33% of the total recovery is a generally appropriate contingency fee amount, provided that it does not disproportionately compensate Plaintiff's counsel for the time and effort expended in this litigation.

Plaintiff's counsel has submitted a detailed rationale for the proposed $10,648 in attorney's fees. (*See* Suppl. Decl. Ex. 1.) Plaintiff's counsel typically charges an hourly rate of $450, (*see id.* ¶ 7), an amount that is reasonable considering Plaintiff's counsel "ha[s] litigated over 350 employment/wage cases in New York's federal courts since 2001," (Suppl. Decl. ¶ 9). *See also Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 437 (S.D.N.Y. 2014) (finding that fees ranging from $250 to $450 are appropriate for experienced litigators in wage-and-hour cases). Here, based on the fee table provided to the Court, Plaintiff's counsel accrued fees of $26,550, but has agreed to "receiv[e] a lower 1/3 contingency fee of $10,648 plus $555 in costs." (Suppl. Decl. ¶ 8). Additionally, a review of the supporting billing records does not indicate any unnecessary or duplicative work by Plaintiff's counsel. (Suppl. Decl. Ex. 1). Accordingly, the Court is satisfied that the proposed attorney's fees are reasonable.

For these reasons, the Court approves the Proposed Settlement. All claims having been settled, the Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 36), and close the case.

SO ORDERED.

Dated:    May 2, 2017
             White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE